UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-12605-GAO

MICHAEL LAWLESS,
Plaintiff,

v.

TOWN OF GROVELAND and ROBERT VALENTINE,
Defendants.

OPINION AND ORDER
July 16, 2025

O'TOOLE, D.J.

Plaintiff Michael Lawless filed a Second Amended Complaint against the Town of Groveland and Groveland Fire Department Chief Robert Valentine. He asserts a variety of claims stemming from alleged workplace age discrimination. Pending before the Court is the defendants' (dkt. no. 18) Partial Motion to Dismiss. For the following reasons, the partial motion to dismiss is GRANTED in part and DENIED in part.

**I.    Facts and Background**

Lawless alleges the following:

He began working at the Groveland Fire Department in 1998. In October 2020, a Groveland town nurse called Valentine to report a call she received from the wife of one of the department's firefighters. The wife did not identify herself or her firefighter husband. She told the nurse that the son of a fire department employee identified in the pleadings as "A.B." had tested positive for COVID-19, yet Valentine had allowed A.B. to go on emergency calls despite his close contact with a COVID-19 positive person. After receiving this call, Valentine held a general meeting with the department in which he expressed his discontent that an employee would share

another firefighter's private medical information with the employee's wife. In the meeting, Valentine stated he was "98% sure" he knew who did this and that "they best give [him] their letter of resignation." (Second Am. Compl. ¶ 9 (dkt. no. 14).)

On November 17, 2020, Valentine met with Lawless in his office and accused Lawless of sharing the health information at issue with his wife. Lawless denied this. He then provided Valentine with text messages that he alleges implicate a younger firefighter in sharing the health information. However, Valentine continued to believe that Lawless was responsible. Lawless's wife met separately with Valentine at the department and told him that she did not make the telephone call to the town nurse. On February 8, 2021, Valentine told Lawless that the town nurse confirmed it was Lawless's wife who had called. Lawless denied this. Valentine asked Lawless to sign a resignation letter. Lawless refused, causing Valentine to accuse Lawless of insubordination.

In June 2021, the defendants proceeded with a termination hearing against Lawless. He alleges that this termination hearing did not follow the town's proper procedures. Due to the hostile environment and the lack of fair hearing, Lawless felt he had no choice but to resign which he did on June 10, 2021.

Lawless filed suit on June 6, 2024, against Valentine and the Town of Groveland. He filed the operative Second Amended Complaint on January 21, 2025. The defendants have moved to partially dismiss the Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted. In their motion, the defendants challenge the following counts[1]: intentional infliction of emotional distress against Valentine (Count Five); misrepresentation against the Town of Groveland and Valentine (Count Six); breach

---

[1] Lawless voluntarily agreed to dismiss Count Four, tortious interference with contractual/advantageous relations and violation of Massachusetts General Laws Chapter 149, Section 19 against Valentine.

of contract against Groveland (Count Nine); and breach of the implied covenant of good faith and fair dealing against Groveland (Count Ten). Lawless opposes the present motion.

## II. Discussion

### A. Count Five

The defendants' motion is granted as to the intentional infliction of emotional distress ("IIED") claim because it is statutorily barred. Defendants argue that the exclusivity provision of the Massachusetts Workers' Compensation Act ("WCA"), Mass. Gen. Laws ch. 152, § 24, bars this claim. Plaintiff contends that the WCA does not bar his IIED count because Valentine was not acting within his scope of employment when he allegedly discriminated against Lawless on the basis of his age.

The WCA provides the "exclusive remedy for injuries to an employee suffered in the course of employment, regardless of the wrongfulness of the employer's conduct, or the foreseeability of harm." Estate of Moulton v. Puopolo, 5 N.E.3d 908, 914 (Mass. 2014) (citations omitted). The WCA's exclusivity provision bars plaintiffs from bringing "common-law causes of action for injuries to an employee suffered in the course of employment unless he or she waives any compensation payments under the act at the time of hire." Spagnuolo v. Holzberg, 158 N.E.3d 496, 502 (Mass. App. Ct. 2020).

There is a limited exception to the bar for intentional torts which occur outside the scope of employment. O'Connell v. Chasdi, 511 N.E.2d 349, 351–52 (Mass. 1987); Spagnuolo, 158 N.E. 3d at 502–03. This exception is largely reserved for claims based on sexual harassment. See Morehouse v. Berkshire Gas Co., 989 F. Supp. 54, 65 (D. Mass. 1997) ("Because sexual harassment is not remotely related to the employer's interests, an employee who is subjected to intentional infliction of emotional distress stemming from sexual harassment by a co-employee is

not barred by the Act from suing that individual." (internal citations and quotes omitted)); Spagnuolo, 158 N.E.3d at 503 (finding that IIED claim based in sexual and racial harassment was not barred because such harassment did not further the business interest of employer). Contra Green v. Wyman–Gordon Co., 664 N.E.2d 808, 814 (Mass. 1996) (holding that plaintiff's negligent infliction of emotional distress claim stemming from on-the-job sexual harassment was barred by the WCA).

Lawless unsuccessfully argues that the WCA bar does not apply because Valentine was acting outside the scope of his employment when he inflicted emotional harm upon him. While some courts have held that IIED claims grounded in sexual harassment can go forward because that harassment can never further the interests of the employer, this case is distinguishable because the underlying issue relates to workplace discrimination that does not rely on claims of sexual harassment. Accordingly, the motion to dismiss this claim is granted.

    B.    Count Six

The motion to dismiss the misrepresentation claim is granted. Lawless voluntarily dismissed his claim for *intentional* misrepresentation but purports to continue to press a claim of *negligent* misrepresentation. However, Lawless did not plead negligent misrepresentation in his complaint. Instead, he alleges that "[Valentine] knew his statements and charges were false and published them nonetheless to third parties. He also recklessly disregarded information that cleared the Plaintiff of such alleged misconduct, and engaged in these defamatory actions with malice, ill will and spiteful purpose." (Second Am. Compl. ¶ 81.) This language tracks the requirements of intentional misrepresentation, not negligent misrepresentation. See Masingill v. EMC Corp., 870 N.E.2d 81, 88 (Mass. 2007).

Even if Lawless properly pled a claim for negligent misrepresentation, the allegations in the complaint do not give rise to an actionable claim under Massachusetts law. The elements of negligent misrepresentation are that: "the defendant (1) in the course of his business, (2) supplie[d] false information for the guidance of others (3) in their business transactions, (4) causing and resulting in pecuniary loss to those others (5) by their justifiable reliance upon the information, and [that he] (6) . . . fail[ed] to exercise reasonable care or competence in obtaining or communicating the information. Golber v. BayBank Valley Tr. Co., 704 N.E.2d 1191, 1192 (Mass. App. Ct. 1999); accord Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc., 918 N.E.2d 36, 47–48 (Mass. 2009). Lawless fails to allege facts that permit an inference that he relied on Valentine's statements to his detriment. He has not shown how relying on any specific statement caused him harm. Accordingly, the intentional and negligent misrepresentation claims should be dismissed.

### C.   Contract Claims: Count Nine and Ten

The defendants' Rule 12(b)(6) Motion to Dismiss is denied as to Counts Nine and Ten because Lawless's allegations are sufficient at this stage in the litigation.

## III.   Conclusion

In conclusion, the defendants' (dkt. no. 18) Partial Motion to Dismiss is GRANTED as to Counts Four, Five, and Six and DENIED as to Counts Nine and Ten.

It is SO ORDERED.

                                                  /s/ George A. O'Toole, Jr.
                                                  United States District Judge